UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORENCE MENDEZ,

    Plaintiff,

v.                                                    Case No:  2:12-cv-158-FtM-29SPC

LAND INVESTORS, CORP.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's First Motion to Compel Discovery (Doc. #17) filed on November 16, 2012.  Defendant's Opposition (Doc. #18) was filed on November 30, 2012.  Thus, the Motion is now ripe for review.

Plaintiff Florence Mendez alleges violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq. by Defendant Land Investors, Corp.  Pursuant to § 1703(a), it is "unlawful for any developer" to sell any lot "unless a statement of record with respect to such lot is in effect" or "unless a printed property report . . . has been furnished to the purchaser." Plaintiff claims, among other things, that Defendant failed to comply with the Act by failing to provide a statement of record and/or a printed property report as required.  Plaintiff purchased 10 vacant lots located in the Port Charlotte Subdivisions in Port Charlotte, Florida from the Defendant in March and April, 2009.

On June 14, 2012, Plaintiff's First Request for Production was served on Defendant. Defendant served its responses on August 3, 2012.  This Motion deals with two requests for production, specifically, Requests Nos. 32 and 33, which seek documents pertaining to the sale

and promotion of property by Defendant in the Port Charlotte Subdivision. The Requests are as follows:

**Request No. 32**: All documents which evidence, refer to, or describe your sale of any lot in the Port Charlotte Subdivision at any time from January 1, 2008, to date.

**Defendant's response**: Defendant objects to this request on the grounds that it is overly broad and unduly burdensome.

Defendant's boilerplate objections are not well taken. Parties may not assert conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable. Pepperwood of Naples Condo Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co., 2001 WL 3841557, *3 (M.D. Fla. 2011). In any event, the Court finds that Plaintiff's request is relevant to the allegations contained in her Complaint. The request is not overbroad, as it only dates one year prior to the sale of the lots at issue. Defendant's response states that the request is vague because the "Port Charlotte Subdivision" is undefined and in fact refers to the entire city of Port Charlotte, Florida. This argument is not well taken. The Port Charlotte Subdivision is indicated as the property location on the settlement statements at issue (see Doc. #17-1). This is the Subdivision at issue in the motion to compel, and this is the Subdivision to which Defendant must produce documents.

**Request No. 33**: All documents which evidence, refer to, or describe any attempt made by you to sell any lot in the Port Charlotte Subdivision at any time from January 1, 2008, to date.

**Defendant's response**: Defendant objects to this request on the grounds that it is overly broad and unduly burdensome.

The Court finds this request relevant to the allegations contained in Plaintiff's Complaint, which she requests in order to show a common promotional plan to sell the properties in the

Subdivision and is not overly burdensome as it only dates one year prior to the sale of the lots at issue.

Accordingly, it is now

**ORDERED:**

Plaintiff's First Motion to Compel Discovery (Doc. #17) is **GRANTED**. Defendant shall have up to and including **January 4, 2013**, to produce the documents responsive to Requests No. 32 and 33 of Plaintiff's First Request for Production.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of December, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

3