UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORENCE MENDEZ,

    Plaintiff,

v().                                                 Case No:  2:12-cv-158-Ftm-29SPC

LAND INVESTORS, CORP.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Sanctions (Doc. #24) filed on January 18, 2013. Defendant, Land Investors Corp.'s Opposition to Plaintiff's Motion for Sanctions (Doc. #27) was filed on February 1, 2013. Reply Brief in Support of Plaintiff's Motion for Sanctions (Doc. #31) was filed on February 8, 2013. Sur-Reply Brief of Defendant, Land Investor's Corporation to Plaintiff's Motion for Sanctions (Doc. #45) was filed on February 18, 2013. Thus, the Motion is now ripe for review.

Plaintiff Florence Mendez alleges violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq*. ("ILSFDA") by Defendant Land Investors, Corp. Pursuant to § 1703(a), it is "unlawful for any developer" to sell any lot "unless a statement of record with respect to such lot is in effect" or "unless a printed property report . . . has been furnished to the purchaser." Plaintiff claims, among other things, that Defendant failed to comply with the Act by failing to provide a statement of record and/or a printed property report as required. Plaintiff purchased 10 vacant lots located in the Port Charlotte Subdivisions in Port Charlotte, Florida from the Defendant in March and April, 2009. Defendant has asserted as an affirmative defense that the subject transaction is not subject to the ILSFDA requirements because the transaction did

not constitute sales of lots in a subdivision pursuant to a "common promotional plan." (Doc. #13).

Plaintiff filed the instant Motion for Sanctions requesting the entry of an Order establishing that Defendant sold lots in the Port Charlotte Subdivision, inclusive of the subject sales to Plaintiff, as part of a "common promotional plan," as defined by § 1701(4), and an Order prohibiting Defendant from supporting its Affirmative Defense that it "is exempt from the Interstate Land Sales Full Disclosure Act on the grounds that it owns less than 25 lots as part of a common promotional plan." As grounds, Plaintiff states that Defendant has failed to respond to five requests for production of documents in response to Plaintiff's First Request for Production, specifically, Requests No. 8, 14, 21, 27, and 33, which seek documents pertaining to the sales efforts and promotion of property by Defendant in the Port Charlotte Subdivision.[1] The Requests state as follows:

> **Plaintiff's Request for Production No. 8**: All documents and things which evidence, refer to or describe any advertising and promotional material which you displayed or delivered to Plaintiff at any time from January 1, 2008, to present.
>
> **Plaintiff's Request for Production No. 14**: All diaries, journals, notes or work summaries that you created or maintained at any time from January 1, 2009, to the present, which in any way evidence, relate to, or describe the advertising or promotion of the Subject properties.
>
> **Plaintiff's Request for Production No. 21**: All documents and things which evidence, refer to or describe any and all communications between any third parties and you relating to the advertising, promotion sale and/or offer for sale of the Subject Properties to Plaintiff, at any time from January 1, 2009, to the present.
>
> **Plaintiff's Request for Production No. 27**: All documents which evidence, refer to or describe any advertisements or promotional materials placed in any

---

[1] The Court previously granted Plaintiff's Motion to Compel a response to Request No. 33, which the Court found was relevant because Plaintiff is attempting to show a common promotional plan to sell the properties in the Subdivision. (Doc. #19).

2

Marseille, France publication by you, or on your behalf, at any time during the period from January 1, 2009, to the present.

**Plaintiff's Request for Production No. 33**: All documents which evidence, refer to, or describe any attempt made by you to sell any lot in the Port Charlotte Subdivision at any time from January 1, 2008, to date.

In response, Defendant states that it has no documents within its possession, custody, and/or control concerning the marketing, promotion, or advertising of the properties in question and asserts that it has made inquiries to third parties seeking to discover whether such documents exist and has been told they do not. Jean-Claude Giger, president of Land Investors Corporation, has submitted two affidavits in support of its response and sur-reply (Docs. #27-1, 45-1), which assert that the Defendant does not promote or advertise its properties and he has located all of the documents within Defendant's possession custody, and control responsive to Request Nos. 8, 14, 21, 27, and 33. (Doc. #45-1, ¶4).

Plaintiff asserts that it is unbelievable that Defendant sold over 500 lots in Port Charlotte, Florida to purchasers living in France without any promotion or advertising. And it is further not credible that Defendant could not obtain the requested documents from its sales agents, specifically Mr. Guy Zimmer and Mr. Armand Aznavourian, who acted as Defendant's agents. Mr. Zimmer and Mr. Aznavourian effected the sale of the lots to Plaintiff. Defendant responds in its Brief (Doc. #27, ¶7) that Mr. Zimmer was not an agent or representative of Land Investors in the transaction and it has no ability to direct or control Mr. Zimmer, and has no idea of his whereabouts. Mr. Zimmer signed the Contracts for Sale and Purchase as "authorized agent" for Land Investors (along with the corporate seal) (Doc. #31-1). Jean-Claude Giger's affidavit indicates that Mr. Zimmer's signature on the purchase and sale contract "was simply a matter of administrative convenience, in that Land Investors had no employees in France at the time of the transaction." (Doc. #45-1, ¶6). "Mr. Zimmer was authorized to sign the documents on Land

Investors' behalf.  This is the only act for which Zimmer was authorized to act as Land Investors' *agent*." Id. (emphasis added).  Thus, the affidavit concedes that Zimmer was acting as Land Investors' agent.  It goes on to state though that "I, nor anyone else at Land Investors has any knowledge as to the whereabouts of Zimmer.  In addition, I have no indication that he has documents responsive to Plaintiff's requests." Id. at ¶7.  Mr. Giger has requested that Mr. Aznavourian provide any documents he may have in his possession, custody or control responsive to Plaintiff's document requests, to which he has produced a small amount of documents. Id. at ¶5.

"Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  MCC Mgmt. of Naples, Inc. v. Arnold & Porter LLP, 207-CV-387-FTM-29SPC, 2010 WL 2889350, *2 (M.D. Fla. 2010), citing Searock v. Stripling, 736 F.2d 650, 653 (l1th Cir. 1984).  Moreover, "[c]ontrol is defined as a party's legal right, authority, or practical ability to obtain the materials sought on demand."  Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co., 2:09-CV-599-FTM-99S, 2010 WL 4853891, *3 (M.D. Fla. 2010). A party responding to a request for production "is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control."  Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (quoting l0A Federal Procedure, Law Ed. § 26:377, p. 49 1988)

Based upon the Court's review of the Parties' submissions, the Court accepts in part that Defendant Land Investors Corporation has produced all documents it has in its possession, custody, and/or control regarding Requests Nos. 8, 14, 21, 27, and 33. (Doc. #45-1, ¶¶4-5).  Mr. Giger's affidavit states that he has produced all documents that are responsive as well as those

4

that were in the possession of Mr. Aznavourian. But with regard to Mr. Zimmer, Defendant has conceded that he was Defendant's agent (Doc. #45-1, ¶6), and that it has no knowledge of his whereabouts. As Mr. Zimmer was Defendant's agent for the subject transaction, documents in his possession would be within Defendant's control under Federal Rule 34. It is not clear from Mr. Giger's affidavit though that Defendant has fulfilled its duty to seek that information from Mr. Zimmer. Even though Mr. Giger states he is not aware of Mr. Zimmer's whereabouts, it is not clear to what extent they have attempted to reach out to him to see if he has any responsive documents. Thus, Defendant is directed to undertake this effort and produce any responsive documents obtained from Mr. Zimmer to Plaintiff.

The Court has broad discretion to impose sanctions derived from its inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). The determination of an appropriate sanction should be made on a case-by-case basis. Optowave Co. v. Nikitin, No. 6:05–cv–1083–Orl–22DAB, 2006 WL 3231422, at *12 (M.D. Fla. Nov.7, 2006) (citing Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2003)). The Court finds that sanctions are not warranted at this time. The extreme remedy of striking an affirmative defense is not warranted by the circumstances as Defendant has produced all documents responsive to Request Nos. 8, 14, 21, 27, and 33, except for the *potential* that Mr. Zimmer may have responsive documents if he can be found. This does not rise to culpable conduct which warrants the imposition of sanctions. Thus, Plaintiff's Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Sanctions (Doc. #24) is **DENIED**.

(2) Defense counsel shall advise the Court of the efforts they have taken to locate Mr. Zimmer by **February 27, 2013**. Defendant shall have up to and including **March 7, 2013** to produce documents responsive to Request Nos. 8, 14, 21, 27, and 33, in the possession, custody, and/or control of Mr. Guy Zimmer should he be located.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

6